IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

THEODORE JOHNSON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.                               Case No. 01-cv-306-DRH

**MEMORANDUM & ORDER**

**HERNDON, Chief Judge:**

### I. Introduction

Before the Court is petitioner Theodore Johnson's Motion Pursuant to a Defect in the Section 2255 Proceeding (Doc. 18). Previously in this case, the Court issued a Memorandum & Order (Doc. 8), dated March 12, 2003, which denied upon the merits Petitioner's Motion under **28 U.S.C. § 2255** to Vacate, Set Aside or Correct Sentence (Doc. 1). Judgment to this effect was entered accordingly. Over six years later, Petitioner filed the instant Motion (Doc. 18), in which he asserts that the Court's order denying his § 2255 petition did not contain "findings of fact" and "conclusions of law," arguing that such is required by **FEDERAL RULE OF CIVIL PROCEDURE 52(a)**. Petitioner further argues that the Court's failure to comply with **Rule 52(a)** constitutes "extraordinary circumstances," which justify setting aside the

Court's judgment in this matter pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 60(b)(6)**. For the reasons set forth herein, Petitioner's Motion is found to be without merit.

## II. Discussion

### A. Legal Standard

Petitioner seeks relief pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 60(b)(6)**. Essentially, "'Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.'" ***Karraker v. Rent-A-Center,* Inc., 411 F.3d 831, 837 (7th Cir. 2005) (quoting *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 131 F.3d 625, 628 (7th Cir. 1997))**. "A Rule 60(b) motion permits relief from judgment when it is based on one of six specific grounds listed in the rule." ***Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 762 (7th Cir. 2001)**. **Rule 60(b)** provides, in pertinent part:

> The Court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; **or (6) any other reason justifying relief from the operation of the judgment**.

**FED. R. CIV. P. 60(b) (emphasis added)**.

To warrant reopening a final judgment pursuant to **Rule 60(b)(6)**, one must make a showing of "extraordinary circumstances." However, such a showing "will rarely occur in the habeas context." ***Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)**. Further, **Rule 60(b)(6)** cannot be used as a "substitute for a timely appeal." ***Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000)**. In other words, the grounds upon which a **Rule 60(b)(6)** motion is based cannot be the same grounds that could "have been used to obtain a reversal on direct appeal." ***Id.***

B.  Analysis

Here, Petitioner believes that the Court's Memorandum & Order (Doc. 8) denying his § 2255 petition in this case was "defective" for its failure to include findings of fact and conclusions of law pursuant to **Rule 52(a)**, which reads in part:

> In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately. The findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of decision filed by the court. Judgment must be entered under Rule 58.

**FED. R. CIV. P. 52(a)(1)**. The Court does not believe the requirements of **Rule 52(a)** are applicable to its previous Memorandum & Order (Doc. 8), which denied Petitioner's § 2255 petition. The Court denied the § 2255 petition upon review of the Parties' arguments contained within their briefs, finding no need to conduct an evidentiary hearing.

Under **28 U.S.C. § 2255**:

> Unless the motion and the files and records of the case

> conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

**28 U.S.C. § 2255(b)**. As indicated by statute, it is only when the Court determines that a hearing is necessary that findings of fact and conclusions of law are required as part of the order determining the merits of a § 2255 petition. Quite clearly, in regards to Petitioner's case, the Court determined from the motions, briefs and the record that relief was not warranted. Thus, contrary to what Petitioner asserts, findings of fact and conclusions of law were unnecessary in the Court's Memorandum & Order (Doc. 8) denying the § 2255 petition. As such, the Court finds that the grounds upon which Petitioner bases his **Rule 60(b)(6)** Motion are meritless.

Assuming *arguendo*, however, that Petitioner had based his Motion upon valid grounds, he would still not prevail for several reasons. While the Court does not have to entertain any further arguments, it will do so as to leave no legal theory unattended for Petitioner's educational benefit. First, the Court's Memorandum & Order (Doc. 8) denying his § 2255 petition did, in fact, contain "findings of fact" and "conclusions of law " in substance, even though it failed to specifically label portions of the text as such. ***See, e.g., Safeway Stores, Inc. v. Safeway Quality Foods, Inc.*, 433 F.2d 99102 (7th Cir. 1970) (finding that Court must substantially comply with requirements of Rule 52(a)); *Smith v.***

***Dental Products* Co., 168 F.2d 516, 518 (7th Cir. 1948) (technical adherence to Rule 52(a) not mandatory as long as substance of order contains findings and conclusions and not merely the "ultimate finding")**.  Second, a failure to *technically* comply with the requirements of **Rule 52(a)** does not constitute "extraordinary circumstances" under **Rule 60(b)(6)** to warrant reopening proceedings.  Third, relief under the "catchall" provision known as **Rule 60(b)(6)** is only allowed if the grounds could not fall under the other categories of **Rule 60(b)(1)-(3)**, which are subject to a one-year time limit from the time judgment is entered to file a motion.  ***See Arrieta v. Battaglia*, 461 F.3d 861, 864-65 (7th Cir. 2006)**.

In this case, the Court finds that the issue in Petitioner's instant Motion could have been raised via a Motion brought pursuant to **Rule 60(b)(1)**, whereby Petitioner could have argued that the Court had made a mistake in not issuing its order with findings of fact and conclusions of law, pursuant to **Rule 52(a)** (although said motion would not likely have been granted).  Such a motion would have been subject to the one-year filing deadline under **Rule 60(c)(1)**, which Petitioner has clearly missed as the instant Motion was filed over six years after entry of final judgment in this matter.

Lastly, although the one-year time limit for filing does not apply to a motion under **Rule 60(b)(6)**, it must still be filed within a "reasonable time."  ***Id.* at 865**.  Here, the six-year delay does not qualify as "reasonable," considering

Petitioner's explanation was that he had only recently learned of such an argument from another inmate. Petitioner should have received his service copy of the Court's Memorandum & Order (Doc. 8) shortly after it was issued in 2003. From the face of that Order, it would have been apparent that there were no specifically enumerated findings of fact and conclusions of law. Petitioner's ignorance of the law (albeit an incorrect proffered application of the law) is no excuse and will not serve to toll his time for filing the instant Motion.

### III. Conclusion

For the reasons stated herein, the Court finds no basis for granting relief pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 60(b)(6)** and as such, Petitioner's Motion Pursuant to a Defect in the Section 2255 Proceeding (Doc. 18) is **DENIED**. The Court's March 17, 2003 Judgment dismissing Petitioner's § 2255 claims with prejudice (Doc. 9) remains as is.

**IT IS SO ORDERED**.

Signed this 5th day of January, 2010.

/s/  *David R Herndon*
**Chief Judge**
**United States District Court**