IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**THEODORE JOHNSON,**

    **Petitioner,**

**v.**

**UNITED STATES OF AMERICA,**

    **Respondent.**                                  **Case No. 01-cv-306-DRH**

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

Before the Court is petitioner Theodore Johnson's Motion for Certificate of Appealability ("COA") (Doc. 20/21). Johnson has filed a timely Notice of Appeal (*see also* Doc. 20), pursuant to **FEDERAL RULE OF APPELLATE PROCEDURE 4(a)(1)(B)**, of this Court's January 5, 2010 Order (Doc. 19), denying his Motion Pursuant to a Defect in the Section 2255 Proceeding (Doc. 18), in which he had moved the Court, pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 60(b)(6)**, to set aside judgment based on asserted "extraordinary circumstances" that the Court had failed to include "findings of fact" and "conclusions of law," per **FEDERAL RULE OF CIVIL PROCEDURE 52(a)**, in its Order denying his § 2255 petition.[1] This Rule 60(b)(6) Motion was made

---

[1] Previously in this case, the Court issued a Memorandum & Order (Doc. 8), dated March 12, 2003, which denied upon the merits Petitioner's Motion under **28 U.S.C. § 2255** to Vacate, Set Aside or Correct Sentence (Doc. 1).

over six years after the denial of Johnson's § 2255 petition. The Court found the Motion to be without merit.

When a petitioner is denied **§ 2255** relief by a district court, the final order in that proceeding will be reviewable by the court of appeals only when "a circuit justice or [district] judge issues a certificate of appealability . . . ." **28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)**. Finding that a COA is warranted requires that "the applicant [make] a substantial showing of the denial of a constitutional right." **28 U.S.C. § 2253(c)(2)**. When the petitioner's Section 2255 Petition has been denied on the merits and not merely for procedural reasons, the Supreme Court has found that "the showing required to satisfy **§ 2253(c)** is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." ***Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000);** *see also Dalton v. Battaglia*, **402 F.3d 729, 738 (7th Cir. 2005)("[R]easonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.")(quoting** *Miller-El v. Cockrell*, **537 U.S. 322, 336 123 S. Ct. 1029 (2003)(internal citation omitted))**.

Johnson seeks a COA to resolve the following three issues:

I. Does a challenge on the procedure that has prevented a merit review of substantial constitutional claims in a 28 U.S.C. § 2255 motion weigh strongly in favor of granting relief under Civil Rule 60(b)(6)?

II. Did the passage of time mitigate the central purpose of Civil Rule 60(b)(6) to correct a grave injustice of an erroneous legal judgment involving a substantive constitutional question presented under 28 U.S.C. § 2255 that the sentencing court failed to answer?

III. Did the sentencing court abuse its discretion time barring movant's Civil Rule 60(b)(6) Motion that was predicated on the deprivation of a merit determination of constitutional claims raised pursuant to 28 U.S.C. § 2255?

(Doc. 20, p. 10.)

The Court's Order (Doc. 19) denying his Rule 60(b)(6) Motion (Doc. 18) which Johnson now seeks leave to appeal, found that its previous March 17, 2003 order (Doc. 8) denying his 28 U.S.C. § 2255 habeas petition was not procedurally defunct to warrant setting aside judgment as the Court was able to rule from the briefs without need of an evidentiary hearing. Pursuant to 28 U.S.C. § 2255(b), if no evidentiary hearing was necessary, formal findings of fact and conclusions of law, per Rule 52(a) were also not required.

However, even assuming that Johnson had based his Rule 60(b)(6) Motion on valid grounds, the Court found that its previous order (Doc. 8) complied with Rule 52(a) in substance, in that the opinion did contain findings of fact and conclusions of law, even if not specifically captioned and enumerated as such. Additionally, the Court noted that a failure to *technically* comply with the

requirements of **Rule 52(a)** did not constitute "extraordinary circumstances" under **Rule 60(b)(6)** to warrant setting aside the judgment and reopening the proceedings. The Court also found that Johnson's grounds were better categorized as a complaint regarding an asserted "mistake of law" by the Court under Rule 60(b)(1), subject to a one-year filing deadline under Rule 60(c)(1), which thereby time-barred the Motion.[2] Lastly, this Court found that although a motion pursuant to Rule 60(b)(6) did not have a time limit for filing, case law required it be filed within a "reasonable time." The Court did not find the six-year delay, coupled with Johnson's explanation that he only just learned of the grounds for filing from another inmate, justifiable (*see* Doc. 19).

Addressing the three items of which Johnson seeks resolution on appeal, the Court does not find that they show a denial of any constitutional right. Essentially, Johnson asserts that he has been procedurally estopped from challenging a merit-based review of constitutional claims he has raised in his § 2255 petition. However, he did not raise any constitutional issues as grounds for

---

[2] **Rule 60(b)** provides, in pertinent part:
> The Court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; **or (6) any other reason justifying relief from the operation of the judgment**.

FED. R. CIV. P. 60(b) (emphasis added).

reopening the case. Rather, he asserted that it was the Court's failure to specify its findings of fact and conclusions of law pursuant to Rule 52(a) within its March 17, 2003 Order (Doc. 8) which should allow him Rule 60(b)(6) relief. A failure to follow the procedural requirements of Rule 52(a), if such were the case, would constitute a procedural error falling short of a constitutional deprivation of sort.

Regardless of the applicability of Rule 52(a), the Court's March 17, 2003 Order addressed many of Johnson's constitutional issues asserted in his § 2255 petition. Had the Order not addressed some claims of which he feels were raised in his habeas briefs or made findings which he believed to be contrary to established law, he should have appealed the denial of his § 2255 petition upon the issuance of the March 17, 2003 Order. The Court notes in the record that indeed, Johnson did appeal, but was denied review due to his failure to file a *timely* appeal (*see* Docs. 16 & 17). The fact that the Court ruled on Johnson's § 2255 petition without a brief from the Government[3] or did not specifically state its findings as to his assertion of ineffective assistance of counsel on direct appeal does not amount to a denial of a constitutional right.

Further, the Court finds that the "passage of time," barring Johnson's

---

[3] The Court apologizes for its previous scrivener's error which stated that the Court's March 17, 2003 Order "review[ed] the Parties' arguments contained within their briefs . . ." when it clearly considered only Johnson's arguments and the Government's lack thereof, as the Government did not file a response to his petition (*see* Doc. 19, p. 3). However, it was not necessary for the Court to consider the Government's position if they elected not to respond, as the Court is allowed to determine the merits of Johnson's petition with or without the benefit of opposing arguments. Further, the Court does not see how the failure to consider arguments *against* granting habeas relief (which the Government would have inevitably asserted had it elected to respond) would of served to benefit Johnson whatsoever.

Rule 60(b)(6) grounds for relief are valid, as he offers no explanation why it took him six years to move for relief from judgment, except for the fact that he only recently learned of such an argument from another inmate. Again, the Court reiterates that to warrant relief pursuant to Rule 60(b)(6), Johnson was obligated to make a showing of "extraordinary circumstances" which "rarely occur in the habeas context." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). Further, Rule 60(b)(6) cannot be used as a "substitute for a timely appeal." *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000). Yet, the Court believes that is exactly what Johnson is attempting to do here and as such, the Court remains unconvinced that reasonable jurists would find his grounds "adequate to deserve encouragement to proceed further."[4]  *See Dalton v. Battaglia*, 402 F.3d 729, 738 (7th Cir. 2005)("[R]easonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.")(quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 123 S. Ct. 1029 (2003)(internal citation omitted)). For these reasons, the Court declines to issue a COA in this matter as there has been no substantial showing that Johnson was denied a constitutional right when the Court denied his Rule 60(b)(6) Motion (Doc. 19). Accordingly, Johson's Motion for Issuance of COA (Doc. 20/21) pursuant to **28 U.S.C. § 2253(c)** is **DENIED**. In accordance with **FEDERAL RULE OF APPELLATE**

---

[4] Again, the Court notes that it is its denial of Johnson's Rule 60(b)(6) Motion for which he seeks leave to appeal and not the denial of his § 2255 petition.

**PROCEDURE 22(b)**, the **Clerk of the Court** is hereby **DIRECTED** to send a copy of this Order to the United States Court of Appeals for the Seventh Circuit with Johnson's Notice of Appeal (Doc. 20) and the file of the district court proceedings on his § 2255 Petition (Case No. 01-cv-306-DRH). Lastly, Johnson may now renew his Motion for Issuance of COA with the Seventh Circuit Court of Appeals. **FED. R. APP. P. 22(b)**.

**IT IS SO ORDERED**.

Signed this 22nd day of February, 2010.

/s/ David R Herndon
**Chief Judge**
**United States District Court**