IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**THEODORE JOHNSON,**

    **Petitioner,**

**v.**

**UNITED STATES OF AMERICA,**

    **Respondent.**                      **Case No. 01-cv-306-DRH**

## ORDER

**HERNDON, Chief Judge:**

        Before the Court is petitioner Theodore Johnson's Motion for Leave to Appeal In Forma Pauperis ("IFP") (Doc. 23). The Court initially denied this Motion without prejudice (Doc. 27), finding that Johnson had failed to include the back page of the affidavit form with the requisite signature or a certified account statement showing the past six months of account activity, as required. It appears now, however, that there was an oversight. Although Johnson had submitted the entire affidavit form, because it was a two-sided document, when the document was scanned by the Clerk's office for e-filing, only the first page was included. The e-filing has been corrected, showing the complete two-page affidavit. Therefore, the Court now has the benefit of reviewing the proper documentation and may proceed with its analysis.

        Reviewing Johnson's submitted documents, the Court finds that his account activity (certified by the "Authorized Officer of Institution") for the past six

months show he is of indigent status.  Therefore, the Court finds Johnson's affidavit and supporting documentation to be proper.  Next, the Court must also find that the appeal is being taken in good faith.  **28 U.S.C. § 1915(a)(3)**.

The Court also finds Johnson's appeal is made in good faith, although the Court denied his Motion for Certificate of Appealability (Doc. 20/21).  However, the standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith for purposes of proceeding in forma pauperis on appeal.  *See Walker v. O'Brien,* **216 F.3d 626, 631-32 (7th Cir. 2000)**.  To conclude that an appeal is in good faith, "a court need only find that a reasonable person could suppose that the appeal has some merit."  *Id.*  **at 632 (citing** *Lee v. Clinton,* **209 F.3d 1025, 1026 (7th Cir. 2000))**.  Thus, an unsuccessful movant for relief may proceed in forma pauperis on appeal even after a district court has denied issuance of a certificate of appealability.  *See id.* **(concluding that an appeal can be taken in good faith even though a certificate of appealability has been denied)**.  Thus, the Court **GRANTS** Johnson's Motion to Proceed In Form Pauperis (Doc. 23), pursuant to **28 U.S.C. § 1915**.

**IT IS SO ORDERED**.

Signed this 23rd day of February, 2010.

/s/    *DavidRHerndon*
**Chief Judge**
**United States District Court**